UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID G. OLSEN, ) Plaintiff ) **CASE NUMBER:** v. ) ) **TRIAL BY JURY** NATIONAL RECOVERIES, INC. ) **DEMANDED** Defendant ) ) **JULY 19, 2013** | |

## I. INTRODUCTION

1. David G. Olsen brings this suit against National Recoveries, Inc., a debt collector, on account of its misrepresentation of and non-compliance with federal student loan rehabilitation and consolidation law as described more fully below in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 *et seq.* ("CUTPA").

## II. PARTIES

2. David G. Olsen is a natural person residing in Old Saybrook, Connecticut.

3. National Recoveries, Inc. ("NRI") is a Minnesota corporation headquartered in Ham Lake, MN and is engaged in the collection of consumer debts. NRI uses instrumentalities of interstate commerce in the collection of debts.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

5. This Court has jurisdiction over NRI and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff is a Connecticut resident.

## IV. **FACTUAL ALLEGATIONS**

6. The Plaintiff was a debtor with federal student loans that were placed into default status.

7. The loan was assigned to NRI for collection purposes.

8. NRI sent Plaintiff a letter on July 24, 2012 offering to cure the default status of his federal student loans through either a compromise settlement, rehabilitation, or consolidation.

9. The letter, when describing rehabilitation, stated that Plaintiff would be required to "[m]ake 9 consecutive agreed upon monthly payments to qualify."

10. The letter, when describing consolidation, stated that Plaintiff would be entitled to "[r]epay [his] loan through a new Consolidation Loan after [he] make[s] 6-consecutive monthly payments" and that he "may be able to consolidate without first making qualifying payments by agreeing to repay [his] Consolidation Loan under the Income Contingent Repayment Program (ICRP)."

11. Federal law does not require that nine consecutive payments be made for a loan to be rehabilitated. Specifically, 20 U.S.C. § 1078-6 provides that nine payments must be made within ten months. Additionally, only nine payments within ten months must be made under 34 C.F.R. § 685.212(f) with respect to William D. Ford Federal Direct Loan Program ("direct loans") loans and 34 C.F.R. § 682.405(b)(1)(ii) with respect to Federal Family Education Loan Program ("FFEL") loans.

12. Federal law does not require that six consecutive monthly payments be made in order to obtain a consolidation loan.  Specifically, 34 C.F.R. § 685.220(d)(1)(ii)(C) for direct loans and 34 C.F.R. § 682.201(d)(1)(i)(A)(3) for FFEL loans allow consolidation if satisfactory repayment arrangements have been made. Satisfactory repayment arrangement for consolidation eligibility is defined by 34 C.F.R. § 685.102(b) for direct loans and 34 C.F.R. § 682.200(b) for FFEL loans as the making of three consecutive, voluntary, on-time, full monthly payments on a defaulted loan.

13. Further, 34 C.F.R. § 685.220(d)(1)(ii)(D) allows consolidation without any qualifying payment if the borrower agrees to repay a direct consolidation loan under either the income contingent repayment plan ("ICRP") OR income based repayment plan ("IBR").  For FFEL consolidation loans, 34 C.F.R. § 682.201(d)(1)(i)(A)(3) allows consolidation without any qualifying payment if the borrower agrees to repay under either the income sensitive repayment plan ("ISRP") OR IBR.

### V.  CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**
**Claims for Violations of 15 U.S.C. §§ 1692 *et seq.***

14. Paragraphs 1 through 13 are herein incorporated.

15. Pursuant to 20 U.S.C. § 1078-6(a)(1), 34 C.F.R. § 685.212(f), and 34 C.F.R. § 682.405(b)(1)(ii), rehabilitation must allow for the required nine payments to be made within a ten month period.

16. Pursuant to 34 C.F.R. § 685.102(b) and 34 C.F.R. § 682.200(b), only three payments are required for consolidation of default loans.

17. Pursuant to 34 C.F.R. § 685.220(d)(1)(ii)(D) and 34 C.F.R. § 682.201(d)(1)(i)(A)(3), borrowers may avoid making any qualifying payments for consolidation by choosing between ICRP/ISRP or IBR.

18. NRI violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments for rehabilitation must be made. NRI's violations include, but are not limited to, the following:

   a. It falsely represented the time in which payment could be received to qualify for rehabilitation, in violation of 15 U.S.C. § 1692e(10).

   b. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

   c. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

19. NRI violated the FDCPA by falsely representing the law governing the number of payments required for consolidation and the repayment options available to avoid having to pay any required payments for consolidation.  NRI's violations include, but are not limited to, the following:

   a. It falsely represented the number of payments required to qualify for consolidation, and it omitted an available repayment option to avoid making any required payments to qualify for consolidation, in violation of 15 U.S.C. § 1692e(10).

   b. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

    c. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

20. Plaintiff has suffered actual harm and damages in that he has been denied the flexibility to which he is entitled in rehabilitating or consolidating his student loans, and this has caused significant financial distress.

## SECOND CAUSE OF ACTION
### Claim for Violations of Conn. Gen. Stat. §§ 42-110 *et seq.*

21. Paragraphs 1 through 20 are herein incorporated.

22. NRI violated CUTPA by falsely representing Plaintiff's rehabilitation and consolidation rights and by denying him those rights in accordance with federal law.

23. NRI's acts as described above were against public policy and were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

24. Plaintiff has sustained an ascertainable loss as a result of NRI's acts in that he has been denied the flexibility to which he was entitled.

25. NRI is liable to Plaintiff for his damages as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

26. Plaintiff seeks an order for injunctive relief compelling NRI to provide accurate descriptions of rehabilitation and consolidation rights in all communications and that they afford him with his rights under federal law.

WHEREFORE, the Plaintiff seeks statutory damages, actual damages, punitive damages, injunctive relief, and a reasonable attorney's fee and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF, DAVID G. OLSEN,

By: /s/ Daniel S. Blinn
 Daniel S. Blinn, Fed Bar No. ct02188
 dblinn@consumerlawgroup.com
 Consumer Law Group, LLC
 35 Cold Spring Rd., Suite 512
 Rocky Hill, CT  06067
 Tel. (860) 571-0408  Fax. (860) 571-7457

 Joshua R.I. Cohen, Fed Bar No. ct27939
 jcohen@TheStudentLoanLawyer.com
 Law Office of Joshua RI Cohen, LLC
 34-3 Shunpike Road, #114
 Cromwell, CT 06416
 Tel (860) 233-0338 Fax (860) 233-0339